Filed 4/26/21  P. v. Micheletti CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ROBERT MICHELETTI,<br><br>        Defendant and Appellant. | A161107<br><br>(San Mateo County<br>Super. Ct. No. 19NF012198A) |

Defendant Robert Micheletti appeals from a judgment entered after he pled no contest to felony grand theft and admitted a strike prior conviction from 1985 as part of a negotiated disposition.  Defendant's court-appointed counsel has filed a brief asking this court for an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  Defendant was informed of his right to file supplemental briefing and has not filed such a brief.  We have reviewed counsel's brief and independently reviewed the record, and we find no errors or other issues requiring further briefing.  Accordingly, we affirm.

On October 16, 2019, defendant was charged by information with felony grand theft (Pen. Code, § 487, subd. (a), count 1),[1] felony receiving stolen

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

property (§ 496, subd. (a), count 2), and misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364, count 3). The information also alleged two strike prior convictions from 1985 and 1992, and an allegation that defendant was not eligible for probation. (§§ 667, 1170.12, 1203, subd. (e)(4).)

As part of a negotiated disposition, on March 2, 2020, defendant pled no contest to grand theft (count 1) and admitted the 1985 strike prior. Defendant pled to a stipulated maximum sentence of 32 months, open to the consideration of a *Romero*[2] motion to strike the 1985 strike prior. In exchange, the district attorney dismissed the remaining counts and allegations of the information, and a separate pending case was dismissed subject to a *Harvey*[3] waiver for possible restitution.

According to the probation report, the current charges arose when a JCPenney loss prevention officer saw defendant leave the store on September 21, 2019, without paying for numerous articles of men's clothing. Defendant drove off but was soon stopped by police officers, who searched his car and found 10 jackets from JCPenney, valued at $1,055, and 10 jackets, four purses, and two other items from Nordstrom valued at $3,969. Defendant also possessed drug paraphernalia.

Defendant completed a change of plea form that advised him of his rights and the rights he was waiving; the forms were signed by his counsel and by the court. Defense counsel and the prosecutor stipulated to a factual basis for the no contest plea. The court found defendant knowingly,

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

voluntarily and intelligently waived his rights and entered a plea of no contest.

At the sentencing on August 12, 2020, the court stated that it had considered the probation report prepared in advance of the sentencing, as well as defendant's written *Romero* motion to strike the prior and the opposition filed by the district attorney's office. The court then asked for arguments of counsel on the *Romero* motion. Defense counsel argued that defendant's extensive criminal history was that of "being addicted to drugs and stealing," that he was "not a violent offender," that he had serious health issues (cancer and hepatitis), and that a 32-month sentence would result in him being placed in the California Department of Corrections and Rehabilitation (CDCR), where he would "spend his entire time in the medical unit" and which would "hasten his death." Counsel expressed concern that it was dangerous to send defendant to the CDCR during the Covid-19 pandemic. Defense counsel conceded that after defendant was charged in this case, he was charged in Contra Costa County with auto theft. Acknowledging that even if the *Romero* motion was granted, defendant would be sentenced to 16 months in the CDCR, defense counsel speculated that it was unclear whether defendant would "actually be transported or not" to the CDCR, noting "I can't speak to that because it's been changing." At that point, defendant had a total of 153 days of custody credits, according to the probation office. Arguing against the *Romero* motion, the prosecutor began by stating that the CDCR "isn't even sending people or taking people right now or being transported. So he'd likely do most of his sentence here or until Covid-19 is essentially under control." As to her reasons for opposing the *Romero* motion, the prosecutor argued that defendant "has flouted this court" by his failures to appear, that he had been committing crimes continuously

3

since 1985 and had been in and out of prison, that the "biggest gap" in his criminal history was from 1998 to 2007 because he was in prison at that time on six theft-related felonies, and that he "went back to prison" in 2014 for threatening or trying to bribe a correctional officer. The prosecutor described defendant as having "a consistent [criminal] history, and there's been zero break." She noted that defendant had "picked up . . . actually two cases . . . before he finally came into custody" in this case. She argued that defendant "has used his ailments over and over and over again to manipulate this Court to get out of custody, to commit new crimes, and then to come back and just say the same thing and get mercy from the Court." The prosecutor concluded there was "absolutely zero justification" to grant the *Romero* motion given defendant's "pervasive criminality" and defendant had done "absolutely nothing to show the court that he has bettered himself or will do anything better with his life when he gets out."

The trial court denied the *Romero* motion and explained why. "I am definitely very sensitive to [defendant's] medical issues. I am also very clear as to what is expected of the three-strikes law; what the requirements are; and what the court should consider with regard to a *Romero* motion. [¶] And here we've got somebody who, despite the relatively lower-level nature of, perhaps, the strike from '85 and even perhaps the current case, and even considering his medical condition, this is someone who has consistently and repeatedly, since the strike, been convicted of both misdemeanors and felonies and, frankly, has now . . . picked up a couple new cases subsequent to being released on this case. [¶] Those types of actions, despite his medical conditions, are not the type of person for which *Romero* is indicated. That's not at all what the granting of striking a strike is for. It's for somebody who may have an older strike who has not had a long record subsequent to the

4

strike offense.  [¶] But . . . I can't even count the number of felonies and misdemeanors.  I started to try in my notes.  There's just so many.  And then the new crime is post release on this case.  [¶] It's clear, based on his conduct and missing court appearances, how he was with the probation officer, that [defendant], if and when released, is going to go back—right back to his life of crime.  It's a pattern of his literally for decades.  [¶] So he is not a candidate—in my mind, it's not even close—for the granting of a *Romero* motion."

Consistent with the negotiated disposition, the trial court imposed the low term of 16 months on count 1, plus an additional 16 months for the prior strike allegation.

## DISCUSSION

We have reviewed the record on appeal for any arguable issues.

Defendant was sentenced after a no contest plea and did not obtain a certificate of probable cause.  Any issues as to the validity of his plea are not before us.  (§ 1237.5.)  Before entering his no contest plea and admission of the strike prior, defendant was advised of his rights, and there is no indication he did not understand his rights, including the rights he was waiving.  The court found defendant had knowingly, voluntarily, and intelligently waived his rights and his plea was voluntary.  Counsel stipulated to the factual basis for the plea.

In ruling on a *Romero* motion, the trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [spirit of the three strike law] scheme[ ] . . . in whole or in part, and hence should be treated as though he had not previously been convicted of one or

5

more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) The three strikes law "establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court 'conclud[es] that an exception to the scheme should be made . . . .' " (*People v. Strong* (2001) 87 Cal.App.4th 328, 337-338.) Thus there must be something exceptional about the prior offenses, the current offense, or the defendant's background, character, and prospects, to justify striking a prior serious conviction.

We review a court's decision not to strike or dismiss a prior conviction allegation for abuse of discretion, the most deferential standard of review. (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) " '[I]t is not enough to show that reasonable people might disagree about whether to strike one or more' prior conviction allegations. [Citation.] Where the record is silent [citation], or '[w]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling even if we might have ruled differently in the first instance' [citation]." (*Id.* at p. 378.)

The sentence imposed is authorized by law and was in compliance with the plea agreement. Custody credits appear to have been calculated correctly.

Based on our review of the record, defendant was represented by competent counsel who acted to protect his rights and interests.

We conclude there are no arguable issues within the meaning of *People v. Wende, supra,* 25 Cal.3d 436.

The judgment is affirmed.

6

_____

Miller, J.

WE CONCUR:


_____

Richman, Acting P.J.


_____

Stewart, J.


A161107, *People v. Micheletti*